UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA WALTERS on behalf of plaintiff and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 1:16-cv-00144-TWP-TAB |
| vs. | )<br>) |
| DRIVER SOLUTIONS, LLC,<br>C&S ACQUISITION, INC. doing business as<br>C1 PROFESSIONAL TRAINING CENTER,<br>BRIAN K. ALSIP,<br>GARRETT J. LOWE, and<br>PYRAMID FINANCIAL SOLUTIONS, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

Plaintiff Joshua Walters asks the Court to suspend the automatic briefing schedule on his motion for class certification. In light of *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2016 WL 228345, at *1 (U.S. Jan. 20, 2016), the Court finds it unnecessary, and denies Walters' motion.

Particularly in consumer law cases, plaintiffs have commonly filed "placeholder" motions for class certification concurrently with the complaint. *See, e.g., Garcia v. J.C. Penney Corp., Inc.*, No. 12-cv-3687, 2015 WL 1543921, at *9 (N.D. Ill. Mar. 31, 2015) ("the plaintiffs' request for class certification remains pending as a placeholder"). Need for such placeholder motions may be traced back to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), in which the Seventh Circuit held that a plaintiff's action becomes moot once the defendant makes an offer of judgment, unless the plaintiff has moved for class certification, because there is no longer a live controversy.

The necessity of placeholder motions ebbed last year when the Seventh Circuit overruled *Damasco* in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).  Since *Chapman,* courts have vacated denials of motions for class certification because an offer of judgment no longer automatically moots the plaintiff's action.  *E.g., Webster v. Bayview Loan Servicing, LLC*, 618 F. App'x 864, 865 (7th Cir. 2015).  Since *Chapman,* courts have also found that class issues may be properly decided after discovery and briefing.  *E.g. Leiner v. Johnson & Johnson Consumer Companies, Inc.*, No. 15-cv-5876, 2016 WL 128098, at *1 (N.D. Ill. Jan. 12, 2016).

On January 20, the Supreme Court handed down *Campbell-Ewald*, which fortified *Chapman* and resolved the issue of mootness among the circuits.  The Court held "that an unaccepted settlement offer has no force.  With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists."  *Campbell-Ewald*, 2016 WL 228345, at *1.

Walters' motion to suspend the automatic briefing schedule was filed the day before the Supreme Court handed down *Campbell-Ewald*.  Walters indicates that his motion for class certification was filed to avoid "any other defenses" described in *Chapman,* but he only points to mootness.  [Filing No. 8, at ECF p. 1.]  In light of *Campbell-Ewald*'s holding on mootness, suspending briefing on Walters' motion for class certification is unnecessary.  Either Walters should proceed with the automatic briefing schedule or withdraw his motion for class certification, reserving the ability to re-file it at a later time.  If Defendants respond to Walters' complaint with an offer of judgment, Walters may choose not to accept it and retain his action.  If Walters wishes to engage in discovery and briefing first, he may withdraw the motion and decide whether to move for class certification at a later time.

2

In sum, Walters' concern that Defendants may moot his action is alleviated by *Campbell-Ewald*, so Walters' motion to suspend briefing [Filing No. 8] is denied.[1]

Date:  1/28/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@edcombs.com

Cassandra P. Miller
EDELMAN COMBS LATTURNER GOODWIN
cmiller@edcombs.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Michelle Anne Alyea
EDELMAN COMBS LATTURNER GOODWIN
malyea@edcombs.com

Cathleen Maria Combs
EDLEMAN COMBS LATTURNER & GOODWIN LLC
ccombs@edcombs.com

---

[1] *Campbell-Ewald* leaves open the possibility, however remote, that a defendant who actually tenders payment might be able to obtain dismissal on mootness grounds.  However, Walters' motion does not trigger this scenario.

3